UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARNOLD LUSTER and
ERMA LUSTER,

                Plaintiffs,                      No. 11-CV-14166

vs.                                            Hon. Gerald E. Rosen

MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, et al.,

                Defendants.
_____/

OPINION AND ORDER GRANTING
DEFENDANTS' MOTION TO DISMISS

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on       January 17, 2011

PRESENT:   Honorable Gerald E. Rosen
                     United States District Chief Judge

## I. INTRODUCTION

This mortgage foreclosure matter is presently before the Court on the October 28, 2011 Motion to Dismiss filed by Defendants Mortgage Electronic Registration Systems, Inc. ("MERS"), BAC Home Loans Servicing, L.P., and Federal National Mortgage Association ("Fannie Mae"). Plaintiffs did not respond to Defendants' Motion, and as a consequence, on December 6, 2011, the Court ordered Plaintiffs to do so within 21 days.

1

The time for responding in compliance with the Court's order now has expired.[1]  Having reviewed Plaintiffs' Complaint, Defendants' Motion and the exhibits attached thereto, the Court has concluded that oral argument would not assist in the resolution of this matter. Therefore, pursuant to Eastern District of Michigan Local Rule 7.1(f)(2), the Court will dispense with any hearing and will decide this motion based on the record as it presently exists, including the brief filed by Defendants in support of their dispositive motion.

## II.  PERTINENT FACTS

On March 8, 2007, Plaintiffs Arnold and Erma Luster obtained a $100,000.00 loan from non-party America's Wholesale Lender ("AWL").  As security for the loan, Plaintiffs executed a promissory note which was secured by a mortgage (the "Mortgage"). Mortgage Electronic Registrations Systems, Inc. ("MERS") was the mortgagee under the Mortgage, as nominee for the lender, AWL.  On December 27, 2010, MERS, acting on behalf of AWL, assigned the Mortgage to BAC Home Loans Servicing, L.P.  The Assignment of Mortgage was recorded in the Oakland County Register of Deeds.

Plaintiffs defaulted on their repayment obligations, and Bank of America, N.A.

---

[1] The Order for Response was originally mailed to Plaintiffs at the address they listed in the heading of their Complaint, 342 Nelson Street, Pontiac, MI 48342. However, the mailing was returned to the Court as undeliverable, with the Postal Service's notation that there was "no such number".  Upon examination of the property records appended to Plaintiffs' Complaint, however, the Court discovered that the Plaintiffs' address actually is "324 Nelson Street."  Therefore, on December 16, 2011, the Court re-issued its Order and mailed it to Plaintiffs at the 324 address.  Plaintiffs' response, accordingly, was due on January 6, 2012.

("BANA"), the successor-in-interest to BAC Home Loans Servicing, L.P., foreclosed on the property. The sheriff's sale on the property occurred on March 1, 2011. BANA was the successful bidder at the sale. On April 19, 2011, BANA, by quit claim deed, conveyed any interest it held in the property to Federal National Mortgage Association ("Fannie Mae"). The redemption period expired on September 1, 2011. On August 31, 2011, merely one day before the expiration of the redemption period, Plaintiffs, acting *pro se*, filed this action in the Oakland County Circuit Court, seeking a determination that they are the fee simple holders of the property, that Defendants' interests are invalid and extinguished, and that the property should be returned to Plaintiffs and its value doubled. Defendants timely removed the action to this Court on September 22, 2011.

### III. DISCUSSION

#### A. APPLICABLE STANDARDS

Fed. R. Civ. P. 12(b)(6) authorizes the Court to dismiss a complaint if it "fail[s] to state a claim upon which relief can be granted. . . ." In deciding a motion brought under Rule 12(b)(6), the Court must construe the complaint in the light most favorable to the plaintiff and accept all well-pled factual allegations as true. *League of United Latin American Citizens v. Bredesen,* 500 F.3d 523, 527 (6th Cir. 2007). Yet, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009). Moreover, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief

requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007) (internal quotation marks, alteration, and citations omitted). Rather, to withstand a motion to dismiss, the complaint's factual allegations, accepted as true, "must be enough to raise a right to relief above the speculative level," and to "state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 555, 570, 127 S. Ct. at 1965, 1974. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 129 S. Ct. at 1949.

B.  PLAINTIFFS CANNOT OBTAIN THE RELIEF THEY SEEK IN THEIR COMPLAINT

In their *pro se* Complaint, Plaintiffs seek, under various theories, the reversal of the foreclosure sale and an order quieting title to the property. However, Plaintiffs' claims fail because—once the redemption period following foreclosure of a property has expired—the former owner's rights in and title to the property are extinguished. At that point, the former owner loses standing to assert claims with respect to the property. This principle is well-established. In *Piotrowski v. State Land Office Board*, 302 Mich. 179, 4 N.W.2d 514 (1942), the Michigan Supreme Court held that the mortgagors had "lost all their right, title, and interest in and to the property at the expiration of their right of redemption." *Id*. at 185, 4 N.W.2d 514. The standard under *Piotrowski* has been applied by Michigan courts, and by federal courts applying Michigan law, to bar former owners

from making any claims with respect to foreclosed property after the end of the redemption period. *See e.g., Stein v. U.S. Bancorp*, 2011 WL 740537 (E.D. Mich., Feb.24, 2011); *Overton v. Mortg. Elec. Registration Sys.*, 2009 WL 1507342 (Mich. App., May 28, 2009) (dismissing former owner's claim of fraud where redemption period had expired); *Kama v. Wells Fargo Bank*, 2010 WL 4386974, *2 (E.D. Mich., Oct. 29, 2010) (dismissing plaintiff's claims for violation of the foreclosure statute, to quiet title and for promissory estoppel because redemption period had expired); *Moriarty v. BNC Mortg., Inc.*, 2010 WL 5173830 (E.D. Mich. Dec.15, 2010) (dismissing action for declaratory judgment voiding foreclosure proceedings).

Furthermore, "[t]he law in Michigan does not allow an equitable extension of the period to redeem from a statutory foreclosure sale in connection with a mortgage foreclosed by advertisement and posting of notice in the absence of a clear showing of fraud, or irregularity." *Schulthies v. Barron*, 16 Mich. App. 246, 247-48, 167 N.W.2d 784 (1969); *see also Sweet Air Investment, Inc, v. Kenney*, 275 Mich. App. 492, 497, 729 N.W.2d 656 (2007) ("The Michigan Supreme Court has held that it would require a strong case of fraud or irregularity, or some peculiar exigency, to warrant setting a foreclosure sale aside." *Id. quoting United States v. Garno*, 974 F. Supp. 628, 633 (E.D. Mich., 1997)). Plaintiffs' conclusory allegations that there were "certain bogus instruments" and "bogus documents," and that the Sheriff's Deed is a "malicious misrepresentation" and the Assignment of Mortgage is a "Fraudulent transaction" [sic], *see* Complaint, ¶¶ 5-8, do not even come close to making the required showing of fraud.

Fed . R. Civ. P. 9(b) requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity."  The Sixth Circuit has "further interpreted Rule 9(b) to require that a plaintiff allege the time, place, and content of the alleged misrepresentations on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud." *Sanderson v. HCA-The Healthcare Co.*, 447 F.3d 873, 877 (6th Cir. 2006) (citation omitted). Complaints that fail to conform to the requirements of Rule 9(b) are subject to dismissal. *Id*.

Plaintiffs also challenge the assignment of their mortgage by MERS to BAC/BANA (and BANA's subsequent foreclosure of their property pursuant to the assignment).  As the basis for this challenge, Plaintiffs rely upon the Michigan Court of Appeals decision in *Residential Funding Co. LLC v. Saurman, et al.*, Nos. 290248, 291443, ___ Mich. App. ___, ____ N.W.2d ___, 2001 WL 1516819 (Mich. App., Apr. 21, 2011), in which the Court of Appeals held that MERS lacked the authority to foreclose by advertisement.  However, the Michigan Supreme Court REVERSED the Court of Appeals' ruling in *Saurman*.  See *Residential Funding Co, LLC v. Saurman*, ___ Mich. ___, ___ N.W.2d ___, 2011 WL 5588929 (Nov. 16, 2011).  The Supreme Court found that the Court of Appeals erroneously construed M.C.L. § 600.3204(1)(d) and determined that MERS is statutorily authorized to foreclose by advertisement.  That reversal also *sub silentio* reversed another Court of Appeals decision, *Bakri v. Mortgage Electronic Registration System, et al.*, No. 297962, 2011 WL 3476818 (Mich. App., Aug.

9, 2011) (unpublished decision). Relying on the Court of Appeals' decision in *Saurman*, the *Bakri* court determined that the Bank of New York Mellon, the assignee of a mortgage granted to MERS, stood in the shoes of MERS and, as such, had no more right to foreclose on the mortgage than did MERS. The Michigan Supreme Court, however, determined that MERS does have statutory authority to enforce a mortgage granted to it as nominee for the lender. Therefore, neither *Bakri* nor *Saurman* provides any legal basis for Plaintiffs to challenge MERS' assignment of the mortgage to BANA or BANA's foreclosure of the mortgage.

Plaintiffs also allege that Defendants violated the Home Affordable Modification Program ("HAMP"). *See* Complaint, ¶ 4. That claim fails because, as recognized by both Michigan and federal courts, there is no private right of action under HAMP. *See, e.g., Hart v. Countrywide Home Loans, Inc.*, 735 F. Supp. 2d 741, 748 (E.D. Mich. 2010) (quoting *Aleem v. Bank of America*, 2010 WL 532330 at *4 (C.D.Cal. Feb. 9, 2010)) ("[A]ssuming Plaintiff is eligible for modification (which she is not) and assuming that the Lending Statutes impose a duty on Defendant to modify Plaintiff's mortgage (which they do not), the statutes do not create a private right of action under which Plaintiff may seek relief. 'There is no express or implied right to sue fund recipients . . . under TARP or HAMP.'"). Because there is no right to sue under HAMP, to the extent Plaintiffs allege a violation of HAMP or the "Servicer Performance Agreement," the claim fails as a matter of law.

## CONCLUSION

The foregoing discussion makes clear that Plaintiffs have failed to state any claim

in their Complaint upon which relief may be granted. Therefore,

    IT IS HEREBY ORDERED that Defendants' Motion to Dismiss is GRANTED.

Accordingly,

    IT IS FURTHER ORDERED that Plaintiffs' Complaint be, and hereby is,

DISMISSED in its entirety, with prejudice.


        s/Gerald E. Rosen
        Chief Judge, United States District Court

Dated: January 17, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 17, 2012, by electronic mail and upon Arnold and Erma Luster, 324 Nelson Street, Pontiac, MI 48342 by ordinary mail.

        s/Ruth A. Gunther
        Case Manager